UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STERLING NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) Claim amount: $640,569.90, plus interest at |
| | ) the rate of eighteen percent (18%) per annum |
| KLO ACQUISITION, LLC, | ) and attorneys' fees and costs |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff STERLING NATIONAL BANK ("Sterling"), for its Complaint against Defendant KLO ACQUISITION, LLC ("KLO"), states as follows:

## PARTIES

1. Sterling is a national bank organized under the laws of the United States, with its main office located in Montebello, New York. Sterling is chartered in the State of New York.

2. KLO is a Delaware limited liability company with its principal place of business located at 1790 Sun Dolphin Drive, Muskegon, MI 49444. Upon information and belief, the members of KLO are Wyman J. Bolton, Peter C. Schmitt, and Anuj Singh. Upon information and belief, Wyman J. Bolton is a citizen of the State of Michigan, Peter C. Schmitt is a citizen of the State of Michigan, and Anuj Singh is a citizen of the State of Michigan.

## JURISDICTION

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Sterling's claims occurred in this district and because the Defendant resides in this district.

## BACKGROUND

5. On or about December 17, 2015, nonparty First National Capital, LLC ("First National"), as Lessor, and nonparties Ameriform Acquisition Company, LLC ("Ameriform") and Ameriform Acquisition Company DISC, Inc. ("DISC"), as Lessees, entered into Master Equipment Lease Agreement No. xx415 and an Amendment to Master Equipment Lease No. xx415 (collectively referred to as the "Agreement") in anticipation of entering into subsequent schedules for the financing of equipment. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

6. On or about May 11, 2016, First National, as Lessor, and Ameriform and DISC, as Lessees, entered into Equipment Schedule No. 6 (the "Schedule") in connection with the Agreement for the financing of: one (1) Monark Model #R4E-TS-413-EE Four Station Rotary Pressure/Twin Sheet Former S/N M2016-01; one (1) Avian G50/80-R3-S2 Medium Sized High Speed Granulator with Back Feed Hopper; and an electrical upgrade, materials, and labor (the "Equipment"). A true and correct copy of the Schedule is attached hereto as Exhibit 2.

7. On June 6, 2016, Corporation Service Company ("CSC"), as agent for First National, filed a UCC-1 Financing Statement against Ameriform and DISC, perfecting First National's first-priority security interest in the Equipment. A true and correct copy of the UCC-1 Financing Statement is attached here to as Exhibit 3.

8. On February 17, 2017, Ameriform and DISC assigned, and KLO assumed, all of Ameriform's and DISC's obligations under, and right, title, and interest in and to, the

Agreement, Schedule, and Equipment, pursuant to an Assignment and Assumption Agreement. A true and correct copy of the Assignment and Assumption Agreement is attached hereto as Exhibit 4.

9. On February 15, 2017, CSC, as agent for First National, then filed a UCC-3 Financing Statement reflecting the assignment from Ameriform and DISC to KLO. A true and correct copy of the UCC-3 Financing Statement is attached hereto as Exhibit 5.

10. On March 16, 2017, First National and KLO entered into Amendment No. 1 to the Schedule ("Amendment No. 1") (collectively with the Schedule, the "Schedule"). A true and correct copy of Amendment No. 1 is attached hereto as Exhibit 6.

11. On March 23, 2017, First National and KLO entered into Amendment No. 2 to the Schedule ("Amendment No. 2") (collectively with the Schedule and Amendment No. 1, the "Schedule"). A true and correct copy of Amendment No. 2 is attached hereto as Exhibit 7.

12. On March 23, 2017, KLO executed a Lessee Acknowledgment (Certificate of Acceptance) acknowledging the satisfactory receipt of the Equipment. A true and correct copy of the Lessee Acknowledgment (Certificate of Acceptance) is attached here at Exhibit 8.

13. On March 29, 2017, First National assigned all of its right, title, and interest in and to the Agreement, Schedule, and Equipment to Sterling. A true and correct copy of the Assignment of Lease is attached hereto as Exhibit 9.

14. On April 3, 2017, CSC, as agent for First National, filed a UCC-3 Financing Statement reflecting the assignment of the Agreement, Schedule, and Equipment from First National to Sterling. A true and correct copy of the UCC-3 Financing Statement is attached hereto as Exhibit 10.

15. Pursuant to the Agreement and Schedule, KLO agreed to make seventy-two (72) monthly payments of $15,895.01. See Agreement, Exhibit 1; Schedule, Exhibit 2.

16. KLO failed to make the payment due on November 1, 2019, under the Agreement and Schedule and all payments thereafter.

17. Failure to make timely payments is a Default under Paragraph 18(a) of the Agreement. See Exhibit 1, ¶ 18(a).

18. Due to KLO's default and pursuant to the Agreement and Schedule, Sterling is entitled to a sum equal to any unpaid payments due prior to January 23, 2020 (the "Remedy Date") plus the Stipulated Loss Value, as calculated under Paragraph 7(b) of the Schedule, in the amount of $635,801.40. See Agreement, Exhibit 1, ¶ 18(b); Schedule, Exhibit 2, ¶ 7(b).

19. Due to KLO's default and pursuant to the Agreement and Schedule, Sterling is entitled to late charges, as calculated under Paragraph 5(b) of the Agreement, in the amount of $4,768.50. See Exhibit 1, ¶ 5(b).

20. Due to KLO's default and pursuant to the Agreement and Schedule, Sterling is entitled to interest on the unpaid payments due prior to the Remedy Date at the rate of eighteen percent (18%) per annum from the Remedy Date to the date of actual payment. See Exhibit 1, ¶ 18(b).

21. Due to KLO's default and pursuant to the Agreement and Schedule, Sterling is entitled to attorneys' fees and costs. See Exhibit 1, ¶ 18(b).

22. Sterling fully performed its obligations under the Agreement and Schedule.

### COUNT I – BREACH OF CONTRACT
### AGAINST KLO ACQUISITION, LLC

23. Sterling realleges and reasserts Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

24. KLO defaulted under the Agreement and Schedule by failing and refusing to make payments when due.

25. KLO is indebted to Sterling in the amount of $635,801.40, plus late charges in the amount of $4,768.50, interest on the unpaid payments due prior to the Remedy Date at the rate of eighteen percent (18%) per annum from the Remedy Date to the date of actual payment, and attorneys' fees and costs.

WHEREFORE, Plaintiff STERLING NATIONAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant KLO ACQUISITION, LLC, in the amount of $635,801.40, plus late charges in the amount of $4,768.50, interest on the unpaid payments due prior to the Remedy Date at the rate of eighteen percent (18%) per annum from the Remedy Date to the date of actual payment, and attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT II – CLAIM AND DELIVERY
## AGAINST KLO ACQUISITION, LLC

26. Sterling realleges and reasserts Paragraphs 1 through 25 of its Complaint as though fully set forth herein.

27. This claim is brought pursuant to MCL 600.2920, made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

28. Pursuant to the Agreement, Schedule, and the UCC Financing Statements, Sterling has a first-priority security interest in the Equipment.

29. Due to KLO's default under the Agreement and Schedule, Sterling is entitled to return of: one (1) Monark Model #R4E-TS-413-EE Four Station Rotary Pressure/Twin Sheet Former S/N M2016-01; one (1) Avian G50/80-R3-S2 Medium Sized High Speed Granulator

with Back Feed Hopper, including any upgrades, additions, accessions, attachments, substitutions, or replacement.

30. KLO refuses to surrender the Equipment voluntarily.

31. KLO is wrongfully and unlawfully detaining the Equipment.

32. Sterling has demanded the return of the Equipment from KLO, but KLO has failed or refused to return the Equipment.

33. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Michigan against the property of Sterling, nor seized by virtue of an execution, attachment, or any lawful process against the goods and chattels of Sterling subject to such lawful process, nor held by virtue of any order for claim and delivery against Sterling.

34. Sterling estimates that the fair market value of the Equipment is approximately $200,000.00, depending on condition.

WHEREFORE, Plaintiff STERLING NATIONAL BANK respectfully requests that this Court enter an Order directing the U.S. Marshall to use all necessary force to repossess the Equipment, or any portion thereof, from 1790 Sun Dolphin Drive, Muskegon, MI 49444, or wherever it may be found, and enter a judgment against Defendant KLO ACQUISITION, LLC, for the value of any Equipment not so returned, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

June 24, 2020

*/s/ Lisa A. Hall*
Lisa A. Hall (P70200)
Plunkett Cooney
Attorneys for Plaintiff
333 Bridge Street NW, Suite 530
Grand Rapids, MI 49504
(616) 752-4615
lhall@plunkettcooney.com